

FILED by _____ D.C.
ELECTRONIC

**Mar 23 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO:  05-61955-CIV-COHN/SNOW

BRAUSER REAL ESTATE, LLC

     Plaintiff,

v.

MEECORP CAPITAL MARKETS, LLC,
MICHAEL EDREI, and DANIEL EDREI,

     Defendants.

_____/

## DEFENDANTS MEECORP CAPITAL MARKETS, LLC'S, MICHAEL EDREI'S AND DANIEL EDREI'S ANSWER TO FIRST AMENDED COMPLAINT AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Meecorp Capital Markets, LLC ("Meecorp"), Michael Edrei, and Daniel Edrei (collectively, "Defendants") answer the First Amended Complaint served by Plaintiff on March 9, 2006 as follows:

1.    Admitted.

2.    Admit the first sentence. As to the second and third sentence, admit that Meecorp has loaned funds to Florida businesses in compliance with all laws, but deny that it solicits Florida citizens or that it engages in mortgage brokerage services.  Deny the balance of the allegations.

3.    Admitted that Michael Edrei is a managing director of Meecorp.

4.    Admitted that Daniel Edrei is a managing member and a director of Meecorp.

5.    Admit as to the first sentence that Plaintiff seeks to recover money damages, but

**25  SK**

deny that Plaintiff is entitled to the relief sought or to any kind of relief.  Admit that Meecorp's counterclaims seek in excess of $75,000. As to the second sentence, admit that there is a complete diversity of citizenship.

6.      As to the first sentence, admit that venue is proper pursuant to Defendants Notice of Removal under 28 U.S.C. §1441(a).

a.      Admitted.

b.      Denied.

c.      Admit that the letter of interest and revised letter of interest regarding the loan are attached to Plaintiff's First Amended Complaint as Exhibit 1; denied that they were executed and negotiated in Broward County, Florida.

d.      Defendants are without knowledge or information sufficient to respond to this allegation.

e.      Admit that the commitment for the loan is attached to Plaintiff's First Amended Complaint as Exhibit 2; denied that it was negotiated or executed in Broward County, Florida.

f.      Defendants are without knowledge or information sufficient to respond to this allegation.

g.      Admit that the Defendants have loaned money and issued loans in the State of Florida in compliance with all laws, but denied that Defendant "arranged" in Florida to make loans or that they solicit Florida citizens to lend money.

7.      Defendants are without knowledge or information sufficient to respond to this allegation.

8.      Defendants respectfully refer the Court to the referenced Agreement for its

2

complete terms.

9.      Defendants respectfully refer the Court to the referenced Agreement for its complete terms.

10.     Admitted.

11.     Denied.

12.     Admitted that Defendants are not licensed mortgage brokers or mortgage lenders in Florida, but denied that Defendants acted as loan brokers in violation of referenced Statute.

13.     Defendants respectfully refer the Court to the referenced Agreement for its complete terms.

14.     Admit that Defendants and Plaintiff entered into the loan commitment in or about December 2003.

15.     Admitted.

16.     Admitted, based upon Plaintiff's default under the loan commitment and its failure to fulfill conditions precedent under the loan commitment.

### (Count I Against Meecorp, Michael Edrei And Daniel Edrei)

17.     Defendants reallege their answers to paragraph 1 through 16 above.

18.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

19.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

20.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

21.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

22.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

23.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

24.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

25.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

26.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

27.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

28.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

29.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

30.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

31.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

32.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

33.      Defendants respectfully refer the Court to the referenced Statute for its complete contents.

34.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

35.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Defendants are without knowledge or information sufficient to respond to the allegations.

43.     Denied. Plaintiff has failed to fulfill conditions precedent under the loan commitment, including its obligations to own clear, unencumbered title to the subject property and to close by the required date.

### (Count II Against Meecorp)

44.     Defendants reallege their responses to paragraphs 1 through 16.

45.     Denied.

5

46.   Defendants respectfully refer the Court to the referenced Statute for its complete contents.

47.   Denied.

48.   Denied.

49.   Denied.

### (Count III Against Meecorp)

50.   Defendants reallege its responses to paragraph 1 through 16.

51.   Denied.

52.   Admitted, based upon Plaintiff's breach of the loan commitment and Meecorp's contractual right to retain the deposit.  Until Plaintiff filed its Complaint, no demands were made upon Meecorp to return all or any portion of the $225,000 deposit.

53.   Denied.

54.   Denied.

### (Count IV Against Meecorp)

55.   Defendants reallege its responses to paragraph 1 through 16.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

### (Count V Against Meecorp, Michael Edrei, and Daniel Edrei)

62.   Defendants reallege their responses to paragraphs 1 through 16.

6

63.     Defendants respectfully refer the Court to the referenced Statute for its complete contents.

64.     Defendants respectfully refer to Court to the referenced Statute for its complete contents.

65.     Defendants respectfully refer to Court to the referenced Statute for its complete contents.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied as to the first sentence. As to the second sentence, admitted.

74.     Denied.

75.     Denied.

76.     Defendants are without knowledge or information sufficient to respond to the allegations.

### (Count VI Against Meecorp, Michael Edrei, And Daniel Edrei)

77.     Defendants reallege its responses to paragraph 1 through 16.

78.     Denied.

79.     Defendants admit the allegations in the first sentence of paragraph 79; denied that Defendants have violated the referenced Statute.

7

80.    Denied.

81.    Denied.

82.    Denied.

**(Count VII Against Meecorp, Michael Edrei, And Daniel Edrei)**

83.    Defendants reallege its responses to paragraph 1 through 16.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

[Any allegations not specifically admitted in this Answer are deemed denied; all titles, subheadings, captions, and "wherefore" clauses which contain no paragraph number are also denied].

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**  Plaintiff's claims are barred because the sued-upon licensing statutes do not apply to out-of-state activities regarding in-state land, and Meecorp's activities were performed in New Jersey.

**Second Affirmative Defense:**  Even if Plaintiff were entitled to recovery, such recovery will be limited by the terms of the loan commitment to the return of the deposit. (See Section titled "Return of Commitment Fee" at pages 4-5, and "Limitation of Damages" at page 6).

**Third Affirmative Defense:**   Plaintiff and its attorney who negotiated the loan commitment had actual knowledge that Meecorp was not "licensed" in Florida, yet solicited

8

Meecorp for a loan. Thus, Plaintiff's claims, or some of its claims, are barred by estoppel and *in pari delicto*.

**Fourth Affirmative Defense:**   Even if Plaintiff were entitled to recovery, Meecorp is entitled to reimbursement of the expenses it incurred in the transaction under quantum meruit.

**Fifth Affirmative Defense:**   Plaintiff is not entitled to any recovery based upon the "Governing Law" Section (p. 5) of the loan commitment, which provides that New Jersey law governs, and Plaintiff was required to file this case in New Jersey. [Defendants recognize that this Court has denied Defendants' motion to transfer, but Defendants respectfully assert this defense to preserve it, if necessary].

**Sixth Affirmative Defense:**   The complaint fails to state a claim against the two individual defendants, who were not parties to the loan commitment.

**Seventh Affirmative Defense:**   Defendants had a good faith basis to issue the loan commitment based upon the attached decision by Honorable Richard A. Lazzara in the case Morris Development Group, LLC and Local 123 Collections Trust, as assignee of Morris Development Group, L.L.C. v. Meecorp Capital Markets, LLC; Michael Edrei; and Daniel Edrei, (Case No.: 8:03-cv-1431-T-26TGW) (M.D. Fla. September 8, 2004) [A copy of the case is attached hereto as **Exhibit "A"** and made a part of this pleading].

**Eighth Affirmative Defense:**   Plaintiff failed to mitigate its damages, if any.

**Ninth Affirmative Defense:**   Plaintiff's unjust enrichment claim is barred because an express contract with Meecorp exists.

**Tenth Affirmative Defense:**   Plaintiff's FDUPTA claim, even if viable, is limited to only "actual" damages; compensatory and consequential damages are not recoverable under FDUPTA.

**Eleventh Affirmative Defense:**   Plaintiff's rescission claim is barred because Plaintiff has not offered to return Defendants to their pre-contract positions (i.e., restoring the status quo).

**Twelfth Affirmative Defense:**   Plaintiff's FDUPTA claim is barred because Plaintiff is a sophisticated borrower and developer who engaged counsel to negotiate the subject loan; they never accused Defendants of any "unfair" or "deceptive" act. This claim is barred by Plaintiff's inability to close and to meet conditions precedent of the loan commitment.

**Thirteenth Affirmative Defense:**   Plaintiffs equitable claims are barred because Plaintiff has an adequate remedy at law.

WHEREFORE, Defendants respectfully demand that the Court dismiss this action with prejudice, and award all other relief that is appropriate.

## Meecorp's Counterclaims Against Brauser Real Estate, LLC

1.     Meecorp Capital Markets, LLC ("Meecorp") files the following Counterclaims against Brauser Real Estate, LLC, ("Brauser") pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2.     Meecorp seeks damages against Brauser as a result of Brauser's breach of the loan commitment dated November 18, 2003 (the "Loan Commitment").

3.     The Loan Commitment required Brauser to fulfill specific conditions precedent in order to obtain the loan proceeds. Brauser was required to own the subject property free and clear of all liens and encumbrances, and was required to close by a certain date.  The Loan Commitment specifically provided that "time [is] of the essence" [See "Terms," at page 3]. Despite Meecorp's granting Brauser several extensions, Brauser was unable to close.

4.     Meecorp has fulfilled all conditions precedent to the filing of this Counterclaim, or such conditions have been excused or waived.

5.      Meecorp is obligated to pay its attorneys a reasonable attorneys' fee in connection with the defense of this action and the prosecution of its Counterclaims.

## Count I: Breach of Contract

6.      Meecorp realleges paragraphs 1 through 5, inclusive.

7.      Meecorp fully complied with the Loan Commitment, but Brauser materially breached the Agreement by failing to comply with the above-described terms of the Loan Commitment.

8.      Brauser's breaches have proximately caused Meecorp to suffer damages, including but not limited to Meecorp's Exit Fee [pursuant to "Exit Fee" provision, <u>See</u> at page 3], the balance of the unpaid portion of the Commitment Fee (which totaled $600,000, leaving a balance of $400,000 that Brauser has failed to pay), expenses, and the loan's interest for the first year.

9.      Therefore, Meecorp demands consequential damages, costs, prejudgment interest, and all other relief that is appropriate.

11

Respectfully submitted this 23 day of March, 2006.

KATZ BARRON SQUITERO FAUST
*Attorneys for Defendants Meecorp Capital Markets, LLC,*
*Michael Edrei, and Daniel Edrei*
100 N.E. Third Avenue, Suite 280
Ft. Lauderdale, FL 33301
Telephone: (954) 522-3636
Facsimile: (954) 522-5119
slc@katzbarron.com

By: _____
          Scott L. Cagan
          Fl. Bar No. 822681

and Co-Counsel

SCHROEDER & LARCHE, P.A.
120 East Palmetto Park Road, Suite 150
Boca Raton, FL 33432
Telephone: (561) 241-0300
Facsimile: (561) 241-0798
mschroeder@schroederlarche.com

By: _____
          Michael Schroeder, Esq.
          Fla. Bar No. 202320

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U.S. mail this 23 day of March, 2006 to Lee Milich, Esquire, Lee Milich, P.A., 100 W. Cypress Creek Road, Suite 935, Ft. Lauderdale, FL 33309.

_____
          Scott L. Cagan

# EXHIBIT A

DEC 13 '05 13:43 FR MEECORP GROUP 12015445532 TO 13012410756 P.02/16

SEP-10-2004 13:29 FORIZS AND DOGALI 813 289 9435 P.03

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MORRIS DEVELOPMENT GROUP, LLC
and LOCAL 123 COLLECTIONS TRUST, as
assignee of Morris Development Group, L.L.C.,

     Plaintiffs,

v.                                  CASE NO: 8:03-cv-1431-T-26TGW

MEECORP CAPITAL MARKETS, LLC;
MICHAEL EDREI; and DANIEL EDREI,

     Defendants.

_____/

## O R D E R

Before the Court is Defendants' Motion for Partial Summary Judgment and

supporting memorandum (Dkts. 45 & 46) and Plaintiffs' Memorandum in Opposition.

(Dkt. 52). After careful consideration of the First Amended Complaint, the parties'

arguments, the applicable law,[1] the affidavits, declarations, and all the exhibits, and the

entire file, the Court concludes that partial summary judgment should be granted in part

and denied in part.

---

[1] Original jurisdiction in this case is based on diversity of citizenship.

## Choice-of-Law
### First, Second, Third, Fourth and Sixth Claims for Relief

Defendants assert that the first six claims for relief[2] are governed by New Jersey law pursuant to a choice-of-forum clause. As such, argues Defendants, judgment must be entered in favor of Defendants on each of these six counts because they allege violations of Florida law only, specifically associated with the Florida Loan Broker Act, § 687.14 et seq., Florida Statutes (2001).

*The Letter of Interest/Term Sheet*

Plaintiffs assert that part of the first four claims seek recovery for the alleged violations associated with the advanced payment of the $20,000.00 commitment preparation fee pursuant to the "Letter of Interest/Term Sheet" (the Letter of Interest) dated July 15, 2002.[3] With respect to the advanced payment of $20,000.00 by the borrower, Plaintiff Morris Development Group, LLC (Morris Development), the Letter of Interest provides in pertinent part:

> Meecorp Capital Market, LLC, . . . is pleased to submit the following term sheet and is willing to proceed with the evaluation of the potential financing of Morris Development Group and Properties. In no way should this be considered a firm loan commitment. . . .
>
> . . . .

---

[2]  Plaintiffs filed a Notice of Dismissal of the Fifth Claim for Relief. (Dkt. 53).

[3]  Both Plaintiff Morris Development Group, LLC, and Defendant Meecorp Capital Markets, LLC, executed the Letter of Interest. (Dkt. 7, Exh. B).

-2-

DEC 13 '05 13:43 FR MEECORP GROUP          12019449332 TO 15612410798          P.04/16

SEP-10-2004  13:29          FORIZS AND DOGALI          813 289 9435     P.05

> APPLICATION FEE:  $20,000 upon acceptance of this
> letter. The $20,000 would be non-refundable unless the terms
> contained herein are not contained in the draft commitment.
>
> . . . .
>
> Upon receipt of a $20,000 wire transfer or certified check,
> Meecorp would provide you with a draft of a commitment
> containing the terms and conditions of the loan commitment
> to be reviewed by you and your counsel. The $20,000 would
> be non-refundable unless the terms contained herein are not
> contained in the draft commitment.

(Dkt. 7, Exh. B). Defendant Meecorp Capital Markets, LLC (Meecorp) acknowledged

the receipt of the $20,000.00 for the preparation of the Loan Commitment dated July 26,

2002. (Dkt. 7, Exh. C).

Fatal to Defendants' position is the absence of a choice-of-forum clause in the

Letter of Interest, which represents the agreement to pay the $20,000.00. (Dkt. 7, Exh.

B). Because no choice-of-law clause covers the payment of the advanced fee of

$20,000.00, New Jersey law does not govern those portions of the first four claims for

relief that address the payment of the $20,000.00.[4] To the extent Defendants request

summary judgment on those portions of claims one through four that seek recovery in any

way related to the $20,000.00, such request is denied.

---

[4]  Based on this conclusion, there is no basis to grant Defendants' request for
interlocutory review in the Eleventh Circuit pursuant to 28 U.S.C. § 1292.

-3-

*The Loan Commitment*

The first four claims for relief, as well as the sixth claim, also seek recovery for

violations associated with the Loan Commitment dated July 26, 2002,[5] which contains the

following choice-of-law provisions:

> This commitment will be governed by and construed in
> accordance with the laws of the State of New Jersey without
> regard to the principles of conflicts of laws thereof.
>
> .   .   .   .
>
> BORROWER UNDERSTANDS THAT MEECORP
> CANNOT AND WOULD NOT ENTER INTO THIS
> COMMITMENT WITHOUT BORROWER'S
> AGREEMENT TO THE LIMITATION OF DAMAGES,
> CHOICE OF FORUM AND WAIVER OF TRIAL BY JURY
> CLAUSES CONTAINED HEREIN.

(Dkt. 7, Exh. C).  Schedule B to the Loan Commitment contained the following choice-

of-law clause:

> 12.  Governing Law: This Commitment and the other Loan
> Documents . . . shall be governed and construed in accordance
> with the internal substantive laws of the State of New Jersey,
> without regard to the choice of law principles of such state.

(Dkt. 7, Exh. C).

The Loan Commitment required Morris Development to pay a pre-closing

commitment fee to Meecorp, which Morris Development paid in the amount of

---

[5] Morris Development executed the Loan Commitment on July 31, 2002. (Dkt. 7,
Exh. C).

-4-

(Dkt. 7, Exh. C). Schedule A to the Loan Commitment showed the loan amount as

$4,200,000.00.[6]

### *The First, Second, Third, Fourth and Sixth Claims*

In the first claim, Morris Development alleges that the $84,000.00 represents the

collection of an advance fee in violation of section 687.141(1), Florida Statutes, the

Florida Loan Broker Act, which was enacted in 1991. The second claim alleges another

violation of section 687.141(1)— Meecorp's obtaining a default judgment in New Jersey

against Morris Development in the amount of $268,813.00,[7] which Morris Development

describes as an assessment of an advance fee. The third claim seeks recovery for

violations of sections 687.141(2) and (3)— Meecorp's making false and misleading

representations in the offer and sale of its services as a loan broker and engaging in other

---

[6] The parties based the initial loan amount of $4,200,000.00, on the "as-is market value of the real estate Collateral in its present condition." (Dkt. 7, Exh. C). Nevertheless, the Loan Commitment gave Meecorp the right to inspect the real estate Collateral to determine its as-is market value, and further provided that Meecorp could not and would not lend more than thirty percent (30%) of the as-is market value. The Loan Commitment provided for a procedure for Morris Development to follow should it disagree with the as-is market value as determined by Meecorp, but Morris Development contends it was never permitted to use the procedure. (Dkt. 7, Exh. C).

In the Final Loan Offer dated September 26, 2002, Meecorp agreed to loan Morris Development only $1,336,500.00, based on Meecorp's independent appraisal of the real estate Collateral. (Dkt. 7, Exh. D). Meecorp, however, never loaned Morris Development any money.

[7] The $268,813.00 represents the unpaid portion of the commitment fee ($42,000.00), the "exit fee," and the "break-up fee." The $84,000.00 partial payment of the commitment fee is not mentioned in the New Jersey judgment against Morris Development for $268,813.00.

-6-

Case 0:05-cv-61955-JIC   Document 25   Entered on FLSD Docket 03/27/2006   Page 19 of 26
DEC 15   05 15:45 FR MEEKORP GROUP         12015445552 TO 15612416796         P.05/16

SEP-10-2004  13:30        FOR12S AND DOGALI                  813 289 9435    P.09

conduct violative of the Florida Loan Broker Act. The fourth claim for relief alleges
more violations of sections 687.141(2) and (3), specifically related to the induced
collection of the commitment preparation fee ($20,000.00) and any portion of the
commitment fee ($126,000.00) prior to closing the loan. Finally, the sixth claim seeks
recovery pursuant to section 501.201, Florida Statutes, for deceptive and unfair trade
practices prohibited by the Florida Loan Broker Act.

*Analysis regarding Choice of Law*

      "Federal courts sitting in diversity apply the forum state's choice-of-law rules."
Boardman Petroleum. Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998)
(citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941)). Therefore, this Court
looks to Florida's choice-of-law rules with respect to the parties' right to contract. In
Florida, parties are free to contract that the law of another state shall govern their rights
and duties "when a transaction bears a reasonable relation to this state and also to another
state." § 671.105(1), Fla. Stat. (2001). The main exception to the enforcement of a
choice-of-law clause in a contract is where the law of the chosen forum, in this case New
Jersey, contravenes the strong public policy of Florida. See Mazzoni Farms. Inc. v. E.I.
DuPont De Nemours and Co., 761 So.2d 306, 311 (Fla. 2000) (citing Punzi v. Shaker
Adver. Agency. Inc., 601 So.2d 599 (Fla.Dist.Ct.App. 1992)). The party seeking to avoid
enforcement must show that the foreign law contravenes the public policy of the forum
state. See Mazzoni Farms, 761 So.2d at 311, citing Delhomme Indus., Inc. v. Houston
Beechcraft. Inc., 669 F.2d 1049, 1058 (5th Cir. 1982) ("A choice of law provision in a

-7-

contract is presumed valid until it is proved invalid. The party who seeks to prove such a

provision invalid because it violates public policy bears the burden of proof."). It is not

incumbent on Defendants to either brief the law of New Jersey or demonstrate conflict

between New Jersey and Florida substantive law. See id. at 311.

Defendants assert that the choice-of-law provision in the Loan Commitment is

valid and enforceable because (1) the clause does not violate the strong public policy of

Florida, and (2) New Jersey bears a normal and reasonable relation to the loan transaction

at issue. Defendants additionally contend that Plaintiffs' suing for damages for breach of

contract in the latter counts of the Amended Complaint foreclose any objection to the

choice-of-law provision. Plaintiffs counters that New Jersey law violates the strong

public policy of Florida by essentially sanctioning behavior deemed to be a third degree

felony. See § 687.146, Fla. Stat. (2001).

The issue of whether a choice-of-law clause violates a "strong public policy"

enunciated by the Florida Loan Broker Act has not been decided by any court. The

Florida Loan Broker Act, §§ 687.14 et seq., provides in pertinent part:

> No loan broker[8] shall:
>
> (1) Assess or collect an advance fee from a borrower to
> provide services as a loan broker.
>
> (2) Make or use any false or misleading representations or
> omit any material fact in the offer or sale of the services of a
> loan broker or engage, directly or indirectly, in any act that
> operates or would operate as fraud or deception upon any

---

[8]   The definition of a loan broker can be found at section 687.14(4).

-8-

Case 0:05-cv-61955-JIC   Document 25   Entered on FLSD Docket 03/27/2006   Page 21 of 26
DEC 13 '05 13:45 FR MEECORP GROUP      12015445332 TO 15612416756      P.10/16

SEP-10-2004  13:31        FORIZS AND DOGALI                813 289 9435    P.11

person in connection with the offer or sale of the services of a
loan broker, notwithstanding the absence of reliance by the
buyer.

(3) Make or use any false or deceptive representation in its
business dealings or to the department or conceal a material
fact from the department.

§ 687.141, Fla. Stat. (2001). "Whoever violates any provision of this act commits a

felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s.

775.084." § 687.146, Fla. Stat. (2001). The parties do not take issue with Meecorp's

falling within the definition of loan broker under section 687.14(4).

Defendants rely heavily on Continental Mortg. Investors v. Sailboat Key, Inc., 395

So.2d 507 (Fla. 1981), although it does not involve an interpretation of the Florida Loan

Broker Act. The particular issue in Continental was whether Florida should recognize a

choice-of-law provision designating Massachusetts law in an interstate loan contract

calling for interest prohibited by Florida's usury law. The Florida Supreme Court held, in

part, that Massachusetts law was applicable because "usury laws are not so distinctive a

part of a forum's public policy that a court, for public policy reasons, will not look to

another jurisdiction's law which is sufficiently connected with a contract and will uphold

the contract." Id. at 509. Not only was there a normal relationship between the chosen

forum and the transaction, but Massachusetts cases had been limiting interest collection to

twenty percent. Id. at 508, 513.

In the more recent case of Mazzoni Farms, the Florida Supreme Court articulated

the following four factors to be considered in determining whether the public policy

-9-

exception to the right to contract should be recognized: (1) whether the "statute evincing the policy is fraught with exceptions;" (2) whether the statute is frequently amended indicative of a flexible public policy; (3) whether the policy is fundamental to the legal system; and (4) whether the outcome has a limited effect upon the contract. <u>Mazzoni Farms</u>, 761 So.2d at 311. Sending a strong message, the Florida Supreme Court quoted a directive for the courts:

> Courts . . . should [proceed with] extreme caution when called upon to declare transactions as contrary to public policy and should refuse to strike down contracts involving private relationships on this ground, unless it is made clearly to appear that there has been some great prejudice to the dominant public interest sufficient to overthrow the fundamental policy of the right to freedom of contract between parties *sui juris.* [citations omitted]

<u>Id.</u> at 311-12.

Defendants assert that the Florida Loan Broker Act is fraught with exceptions, specifically numerous individuals and entities are exempt from the definition of loan broker. Defendants contend that the policy is "flexible" because the Act was enacted fairly recently in 1991, and furthermore, such a law did not exist at common law. <u>See Continental</u>, 395 So.2d at 509. Defendants further claim that the Act, much like the usury law, does not serve to invalidate a contract. <u>Id.</u>

Given Florida's enunciated law that declaring a public policy exception to one's freedom to contract should not be taken lightly, the Court finds that an examination of the four factors listed in <u>Mazzoni Farms</u> leads to the conclusion that public policy does not

-10-

DEC 13 '05 13:46 FR MEECORP GROUP          12019449332 TO 15612416798        P.12/16

SEP-10-2004  13:32          FORIZS AND DOGALI                    813 289 9435    P.13

warrant creating an exception to the freedom to contract. The Florida Loan Broker Act is

relatively new. Although Plaintiffs make a worthy argument that criminal penalties may

be levied on such "loan brokers" in violation of the statute, the parties were not forced to

contract for New Jersey law to govern the Loan Commitment.[9] There is also an obvious

reasonable relation with the foreign jurisdiction, New Jersey. Defendant Meecorp's

principal place of business is in New Jersey, and Meecorp approves loans and conducts a

great majority of its business in New Jersey.

In short, it is not clear that "there has been some great prejudice to the dominant

public interest sufficient to overthrow the fundamental policy of the right to freedom of

contract." It simply cannot be said that the policy against the collection of an advanced

fee by a "loan broker" as defined in section 687.14(4) is so fundamental to Florida's legal

system that it warrants the status of an exception to one's freedom to contract. Because

the Court finds that New Jersey law governs the Loan Commitment, summary judgment

is entered in favor of Defendant Meecorp on the First, Second, Third, Fourth and Sixth

Claims as they seek recovery related to the Loan Commitment.

### Liability of the Principals of a Loan Broker

A "principal" is defined by the Act as "any officer, director, partner, joint venturer,

branch manager, or other person with similar managerial or supervisory responsibilities

for a loan broker." § 687.14(5), Fla. Stat. (2001). "Each principal of a loan broker may be

---

[9] None of the cases cited by Plaintiffs involve situations where the parties had
entered into a contract with a choice-of-law provision.

-11-

sanctioned for the actions of the loan broker, including its agents or employees, in the course of business of the loan broker." § 687.142, Fla. Stat. (2001).

Defendants assert that the two individual Defendants are not subject to any civil liability under the Florida Loan Broker Act. Plaintiffs counter that the individual Defendants are still subject to civil liability for their actions as loan brokers, not as principals, pursuant to the definition of loan broker as one acting for or on behalf of a loan broker for soliciting borrowers. See § 687.14(4)(c). Fla. Stat. (2001). Because there are genuine issues of material fact with respect to what conduct the individual Defendants engaged in relative to the soliciting of the advanced fee, the Court will not grant summary judgment on this issue.

### Limitation of Damages

Under the Florida Loan Broker Act, any borrower injured by a violation of the Act may sue for damages. § 687.147, Fla. Stat. (2001). "Judgment shall be entered for actual damages, but in no case less than the amount paid by the borrower to the loan broker, plus reasonable attorney's fees and costs. An award may also be entered for punitive damages." Id. The Court notes that "actual damages" as defined in the Florida Loan Broker Act, as well as punitive damages, are applicable. See § 687.147(1), Fla. Stat. (2001). If there are issues with respect to what damages are recoverable at the time of pre-trial, the parties should alert the Court through the pre-trial statements.

### Attorney's Fees
### Seventh through Eleventh Claims for Relief

-12-

Plaintiffs concede that for the seventh, eighth, ninth, tenth, and eleventh claims, they are not entitled to attorney's fees pursuant to any statute or contract. Plaintiffs also concede that the contractual limitation of damages provision applies to the counts for breach of contract.

### Seventh and Ninth Claims for Breach of Contract

Genuine issues of material fact exist with regard to the defenses of novation and modification. Accordingly, summary judgment will not be granted as to the seventh and ninth claims.

### Eighth Claim for Relief for Breach of Implied Covenant of Good Faith

Florida law provides for an independent claim for breach of an implied covenant of good faith. See Hospital Corp. of America v. Florida Med. Ctr., Inc., 710 So.2d 573, 575 (Fla.Dist.Ct.App. 1998); Shibata, M.D. v. Limb, 133 F.Supp. 2d 1311, 1318-19 (M.D. Fla. 2000). At this stage of the proceedings, it is premature to determine whether this claim is duplicative of the seventh claim for breach of contract. Therefore, summary judgment will not be granted as to the eighth claim.

### Tenth Claim for Relief

Plaintiffs filed a Notice of Dismissal of the 10th Claim for Relief. (Dkt. 53).

### Eleventh Claim for Relief for Unjust Enrichment

Plaintiffs' point is well-taken. Defendants' motion is premature, because the contract has not been proven or disproven to be enforceable at this stage of the proceedings.

-13-

SEP-10-2004  13:32       FORTES AND DOUGLI                                    813 289 9435    P.16

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)    Defendants' Motion for Partial Summary Judgment (Dkt. 45) is

        **GRANTED** in part and **DENIED** in part.

(2)    Defendants' Motion with respect to New Jersey law governing the first,

        second, third, and fourth claims for relief as to the payment of the

        $20,000.00 is denied.

(3)    Defendants' Motion with respect to New Jersey law governing the first,

        second, third, fourth, and sixth claims for relief as they are related to

        violations associated with the Loan Commitment is granted in favor of

        Defendant Meecorp.

(4)    Defendants' Motion with respect to damages for the seventh, eighth, ninth,

        and eleventh claims is granted in favor of all Defendants.

(5)    Defendants' Motion with respect to the recovery of attorney's fees for the

        seventh, eighth, ninth, and eleventh claims is granted in favor of all

        Defendants

(6)    Defendants' Motion regarding the seventh, eighth, ninth and eleventh

        claims is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, on September 8, 2004.

_____s/_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

-14-